IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CONNOR RYAN<br>561 Fox Ridge Lane<br>Oregon, Ohio 43616 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| PF TOLEDO, LLC<br>d/b/a PLANET FITNESS<br>133 W. Main Street, Suite 266<br>Northville, Michigan 48167 | )<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>PF TOLEDO, LLC<br>d/b/a PLANET FITNESS<br>c/o Laura Rybicki<br>Statutory Agent<br>1339 Byrne Road<br>Toledo, Ohio 43614 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

Plaintiff, Connor Ryan, by and through undersigned counsel, as his Complaint against the Defendant, states and avers the following:

## PARTIES AND VENUE

1. Connor Ryan is a resident of the city of Oregon, county of Lucas, state of Ohio.

2. PF Toledo, LLC d/b/a/ Planet Fitness is a foreign limited liability company that operates a place of business located at 1339 Byrne Road, Toledo, Ohio 43614.

## JURISDICTION & VENUE

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Ryan is alleging federal law claims under the Americans with Disabilities Act ("ADA") 42 U.S.C. 126 § 12101

*et seq*. and the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq*.

4. All material events alleged in this Complaint occurred in county of Lucas.

5. This Court has supplemental jurisdiction over Ryan's state law claims pursuant to 28 U.S.C. § 1367 as Ryan's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7. Within 300 days of the conduct alleged below, Ryan filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2019-02333 against Planet Fitness operating at 2630 W. Laskey Road, Toledo, Ohio 43613

8. On or about February 13, 2020 the EEOC issued and mailed a Notice of Right to Sue letter to Ryan regarding the Charges of Discrimination brought by Ryan against Planet Fitness in EEOC Agency Charge No. 532-2019-02333.

9. Ryan received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1) - which has been attached hereto as Plaintiff's Exhibit A.

10. Ryan has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

11. Ryan has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

12. Ryan is a former employee of Defendant.

13. Defendant employed Ryan as a Member Services Representative.

14. Ryan began working for Defendant on November 20, 2017.

15. On May 2, 2018, Ryan enlisted in the Army. ("Enlistment")

16. During all material events asserted herein, Brooke Shurtz was a manager and/or supervisor of Defendant.

17. On May 3, 2018, Ryan informed Shurtz about the Enlistment. ("May Meeting")

18. During the May Meeting, Ryan informed Shurtz that he was scheduled for deployment on May 22, 2018.

19. During the May Meeting, Ryan informed Shurtz that May 11, 2018 would be the last day he would be able to work prior to deployment.

20. During the May Meeting, Ryan warned Shurtz that it was not uncommon for the Army to deploy an individual prior to his deployment date.

21. While Ryan was deployed by the Army, he suffered a broken hip. ("Broken Hip")

22. Ryan's Broken Hip affects his musculoskeletal body system.

23. Ryan's Broken Hip impacts his ability to stand for long periods of time.

24. Ryan's Broken Hip substantially limits one of his major life activities, including working.

25. Ryan was discharged from the Army due to his Broken Hip.

26. Ryan has a record of his physical impairment.

27. Ryan is disabled.

28. In the alternative, Defendant perceived Ryan to be disabled.

29. In the alternative, Defendant perceived Ryan to have a physical impairment.

30. Despite this actual or perceived disabling condition, Ryan was still able to perform the essential functions of the Member Services Representative position.

31. On September 6, 2018, Ryan was honorably discharged from the Army.

32. On September 10, 2018, Ryan called Planet Fitness. (hereinafter, "September Call")

33. During the September Call, Ryan spoke to Shurtz.

34. During the September Call, Ryan advised Shurtz that he had been honorably discharged from the Army due to suffering a physical impairment.

35. During the September Call, Ryan requested to return to work due to being discharged from the Army (hereinafter, "Return Request").

36. During the September Call, Ryan requested to return to work pursuant to USERRA.

37. During the September Call, Shurtz told Ryan that she would need to speak to Barbra Last Name Unknown.

38. At all times, material herein, Planet Fitness employed Barbra LNU as a Regional Manager.

39. At all times, material herein, Barbara LNU had the power to hire and fire Planet Fitness employees.

40. Shortly after the September Call, Ryan went in person to Planet Fitness and spoke in person to Barbara LNU regarding returning to work (hereinafter, "September Meeting").

41. During the September Meeting, Ryan explained to Barbara LNU that he had been honorably discharged from the Army after suffering a physical impairment.

42. During the September Meeting, Ryan requested to return to work pursuant to USERRA.

43. During the September Meeting, Barbara LNU told Ryan that Planet Fitness would re-hire him and/or return him to work if he provided his discharge paperwork.

44. Following the September Meeting, Ryan submitted his Army records and discharge paperwork to Defendant.

45. Ryan's Army records and discharge paperwork included records disclosing that he suffered from a physical impairment.

46. After Ryan submitted his Army records, Defendant did not contact Ryan regarding the Return Request.

47. Ryan made multiple attempts to contact Defendant regarding the Return Request.

48. Ryan called Barbara LNU regarding the Return Request.

49. Ryan called Shurtz regarding the Return Request.

50. Ryan texted Shurtz regarding the Return Request.

51. Defendant did not respond to Ryan's attempts to contact them regarding the Return Request.

52. On February 9, 2019, Shurtz texted Ryan. (hereinafter, "February Text")

53. In the February Text, Shurtz informed Ryan that Defendant was denying Ryan's Return Request.

54. In the February Text, Shurtz informed Ryan that Defendant would not re-hire Ryan.

55. Shurtz did not provide a basis for Defendant's denial of Ryan's Return Request.

56. Defendant denied Ryan's Return Request, due to Ryan's leave for military service.

57. Defendant denied Ryan's Return Request in retaliation for Ryan requesting to be returned to work under USERRA.

58. Defendant denied Ryan's Return Request because Ryan is disabled.

59. Alternatively, Defendant denied Ryan's Return Request because they perceived Ryan to be disabled.

60. Defendant permitted similarly-situated, non-military employees to return to their employment.

61. Defendant permitted similarly-situated, non-disabled employees to return to their employment.

62. Alternatively, Defendant permitted similarly-situated, employees, that Defendant did not perceive as disabled, to return to their employment.

63. Defendant did not proffer a legitimate non-discriminatory reason for denying Ryan's Return Request.

64. Upon information and belief, subsequent to Ryan's termination, Defendant hired a non-disabled person to replace Ryan.

**COUNT I: DISABILITY DISCRIMINATION IIN VIOLATION OF 42 U.S.C. 126 § 12101**

65. Ryan restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

66. Ryan suffers from a broken hip.

67. Ryan's Broken Hip affects his musculoskeletal body system.

68. Ryan's Broken Hip impacts his ability to stand for long periods of time.

69. Ryan's Broken Hip substantially limits one of his major life activities, including working.

70. Ryan was discharged from the Army due to his Broken Hip.

71. Ryan has a record of his physical impairment.

72. As a result of the broken hip, Ryan is disabled.

73. In the alternative, Defendant perceived Ryan as being disabled.

74. Ryan's condition constituted a physical impairment.

75. Ryan's condition substantially impaired one or more of his major life activities including working.

76. Defendant treated Ryan differently than other similarly-situated employees based on his disabling condition.

77. Defendant treated Ryan differently than other similarly-situated employees based on his perceived disabling condition.

78. On or about September 10, 2018, Defendant refused to return and/or re-hire Ryan to work without just cause.

79. Defendant refused to return and/or re-hire Ryan based on his disability.

80. Alternatively, Defendant refused to return and/or re-hire Ryan based on a perceived disability.

81. Defendant violated 42 U.S.C. 126 § 12101 when it refused to return and/or re-hire Ryan based on his disability.

82. Alternatively, Defendant violated 42 U.S.C. 126 § 12101 when it refused to return and/or re-hire Ryan based on his perceived disability.

83. Defendant violated 42 U.S.C. 126 § 12101 by discriminating against Ryan based on his disabling condition.

84. Alternatively, Defendant violated 42 U.S.C. 126 § 12101 by discriminating against Ryan based on his perceived disabling condition.

85. Ryan suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. 126 § 12101 *et seq*.

86. As a direct and proximate result of Defendant's conduct, Ryan suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT II: VIOLATION OF THE UNIFORMED SERVICES EMPLOYMENT AND REEMPLOYMENT RIGHTS ACT

87. Ryan restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

88. Ryan is a former member of the United States Army.

89. At times relevant herein, Ryan was a member of the Army during his employment with Defendant.

90. While employed with Defendant, Ryan sought protection under USERRA by giving Defendant notice of his need to take leave from his employment during his deployment with the Army, beginning May 22, 2018

91. Defendant refused to abide by its duties under USERRA with respect to Ryan's Army obligation.

92. Defendant discriminated against Ryan based upon his Army status.

93. Defendant willfully discriminated against Ryan based upon his Army status.

94. Defendant violated USERRA by discriminating against Ryan based upon his Army status.

95. Defendant retaliated against Ryan based upon his Army status.

96. Defendant willfully retaliated against Ryan based upon his Army status.

97. Defendant violated USERRA by retaliating against Ryan based upon his Army status.

98. Defendant violated USERRA by failing to hold Ryan's job position for him upon his return from his Army obligation.

99. Defendant violated USERRA by terminating Ryan's employment based on his Army status.

100. Defendant violated USERRA by terminating Ryan's employment in retaliation for requesting to seek protection under USERRA.

101. Section 4311(b) of USERRA states: "An employer may not discriminate in employment against or take any adverse employment action against any person because such person (1) has taken an action to enforce a protection afforded any person under this chapter, (2) has testified or otherwise made a statement in or in connection with any proceeding under this chapter, (3) has assisted or otherwise participated in an investigation under this chapter, or (4) has exercised a right provided for in this chapter. The prohibition in this subsection shall apply with respect to a person regardless of whether that person has performed service in the uniformed services."

102. As a direct and proximate cause of Defendant's conduct, Ryan has suffered and will continue to suffer damages.

103. As a direct and proximate cause of Defendant's conduct, pursuant to § 4323(d)(1)(B) of USERRA, Ryan is entitled to lost wages and benefits suffered as a result of his termination.

104. As a direct and proximate cause of Defendant's conduct, pursuant to § 4323(d)(1)(C) of USERRA, Ryan is entitled to liquidated damages in an amount equal to the amount awarded in the form of lost wages and benefits.

## COUNT III: MILITARY STATUS DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq*.

105. Ryan restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

106. At all times relevant, Ryan was and has been a member of a statutorily-protected class under R.C. §4112.02(A).

107. Defendant treated Ryan differently from other similarly situated employees and/or applicants based on his Army status.

108. Defendant violated R.C. §4112.01 *et seq.* by discriminating against Ryan based on his Army status.

109. Defendant violated R.C. § 4112.01 *et seq.* by terminating Ryan's employment offer based on his Army status.

110. As a direct and proximate cause of Defendant's conduct, Ryan suffered and will continue to suffer damages.

## COUNT IV: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq*.

111. Ryan restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

112. Ryan suffers from a broken hip.

113. Ryan's Broken Hip affects his musculoskeletal body system.

114. Ryan's Broken Hip impacts his ability to stand for long periods of time.

115. Ryan's Broken Hip substantially limits one of his major life activities, including working.

116. Ryan was discharged from the Army due to his Broken Hip.

117. Ryan has a record of his physical impairment.

118. As a result of the broken hip, Ryan is disabled.

119. In the alternative, Defendant perceived Ryan as being disabled.

120. Ryan's condition constituted a physical impairment.

121. Ryan's condition substantially impaired one or more of his major life activities including working.

122. Defendant treated Ryan differently than other similarly-situated employees based on his disabling condition.

123. Defendant treated Ryan differently than other similarly-situated employees based on his perceived disabling condition.

124. On or about September 10, 2018, Defendant refused to return and/or re-hire Ryan to work without just cause.

125. Defendant refused to return and/or re-hire Ryan based on his disability.

126. Alternatively, Defendant refused to return and/or re-hire Ryan based on a perceived disability.

127. Defendant violated R.C. § 4112.01 *et seq*. when it refused to return and/or re-hire Ryan based on his disability.

128. Alternatively, Defendant violated R.C. § 4112.01 *et seq*. when it refused to return and/or re-hire Ryan based on his perceived disability.

129. Defendant violated R.C. § 4112.01 *et seq*. by discriminating against Ryan based on his disabling condition.

130. Alternatively, Defendant violated R.C. § 4112.01 *et seq*. by discriminating against Ryan based on his perceived disabling condition.

131. Ryan suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

132. As a direct and proximate result of Defendant's conduct, Ryan suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Ryan demands from Defendant the following:

(a) Issue an order requiring Defendant PF Toledo, LLC to restore Ryan to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Ryan for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Ryan's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/*Daniel S. Dubow*
Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  brian.spitz@spitzlawfirm.com
            daniel.dubow@spitzlawfirm.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff Connor Ryan demands a trial by jury by the maximum number of jurors permitted.

/s/*Daniel S. Dubow*
Brian D. Spitz (0068816)
Daniel S. Dubow (0095530)

12